HAWLEY, ADMINISTRATRIX, *v.* HUNTINGTON COUNTY
STATE BANK ET AL.

[No. 13,915.   Filed June 27, 1930.   Rehearing denied September 2,
1930.   Transfer denied January 30, 1931.]

*John A. Kersey* and *Eichhorn, Gordon & Edris,* for
appellant.

*Fred H. Bowers, Milo N. Feightner* and *Lee M. Bowers,*
for appellee.

ENLOE, J.—This action was commenced by the filing
of a complaint in the Huntington Circuit Court, Octo-
ber 30, 1926.   The original plaintiffs were Frank W.
and Edith M. Hawley, as administrators of the estate of
Wesley W. Hawley, deceased.   Subsequently, the pres-
ent appellant became the administratrix of said estate
and, as such, she prosecutes this suit.

As to the nature of this action, counsel for appellant say that it is an action for money had and received.

When the Huntington County State Bank became financially embarrassed, in May, 1926, it made an arrangement—entered into a contract—with the Citizens State Bank and First National Bank, all of Huntington, Indiana, whereby, an audit was to be made of the accounts, etc., of said state bank, and a trustee appointed to take charge of said assets and distribute same, etc. It was by reason of this agreement that said three other banks were made parties defendant herein. The pleadings are quite voluminous, and, as the court, at the request of both parties, plaintiff and defendants, made a special finding of the facts involved herein, they need not be herein set out. The errors assigned and presented are those hereinafter noticed.

Before entering upon the trial hereof, the plaintiff asked that the cause be tried by a jury. This request was denied, and the action of the court is presented as being a prejudicial error. The plaintiff, by her complaint, asked not only for a money judgment against the Huntington County State Bank, but also that a receiver be appointed to take charge of the assets of said bank, convert them into cash, and apply such assets to the payment of the debts and obligations of said bank, and that one McGrew, the trustee under the said agreement between said banks, be restrained from distributing any money coming into his hands, and for such other and further relief as might be proper. Clearly, the request for a receiver and for injunctive relief, were appeals to the court for the exercise of its equitable jurisdiction, and, as the request for a trial by jury went to the whole case, there was no error in refusing the request.

The next alleged error which we shall consider is the one involving the court's conclusions of law, viz.:

"That the law is with the defendants in this action; that neither of the defendants is indebted in any manner to the plaintiff; and that the plaintiff should take nothing in this action," and (2) "That the defendants are entitled to have their costs in this action from the plaintiff."

The findings of the court are, in substance, as follows: That the Huntington County State Bank was a bank of discount and deposit duly organized under the laws of this state, and located in Huntington, Indiana; that said bank was closed May 13, 1926, by the state bank commissioner, and its assets turned over to Charles McGrew, as trustee, for the benefit of creditors; that the capital stock of said bank consists of 1,000 shares of the par value of $100 each; that, during the years 1924, 1925, and the months of January, February and March, 1926, Edwin B. Ayres was president of said bank. Wesley W. Hawley, was vice-president and a director thereof, E. Porter Ayres cashier and a director, Paul C. Martin, assistant cashier and a director, and W. J. Schacht, Jacob Boos and L. A. Smith were directors during said time.

It was further found that the Steinbrenner Rubber Company was a corporation under the laws of Indiana, located at Noblesville, Indiana, and organized for the purpose of manufacturing automobile tires; that said company became insolvent and, because thereof, was placed in the hands of a receiver May 23, 1926. On April 10, 1925, Edwin B. Ayres, Wesley W. Hawley, G. H. Lawver, L. A. Smith and E. P. Ayres, each of whom was then a director in the Huntington County State Bank, executed to said bank the following instrument:

"To the Bank Commissioner of Indiana: Dear Sir: The undersigned, being directors of the Huntington County State Bank, of Huntington, Indiana, and knowing that said bank now holds in its assets, Steinbrenner

Rubber Co., and Burdick Tire & Rubber Co., cash items, over-drafts, etc., totaling $98,805.65; two Burdick Tire & Rubber Co. notes totaling $30,000; H. G. Steinbrenner notes totaling $12,855.56, and Burdick Tire & Rubber Co. bonds totaling $8,000, hereby acknowledge we are aware of the above mentioned facts and propose the following: Edwin B. Ayres and W. W. Hawley have accepted and prepared to take up the $98,805.65 of said cash items and overdrafts and will bring evidence that they have been taken out to your office at one o'clock Wednesday *morning*, April 15, 1925. The Burdick Tire & Rubber Co. notes and the Steinbrenner Rubber Co. notes are to be renewed as follows: Burdick Tire & Rubber Co. notes totaling $30,000 to be renewed to be due July 1, 1925, by the Steinbrenner Rubber Co., and the Steinbrenner notes totaling $12,855.56 to be renewed to be due June 10, 1925. The $80,000 of Burdick Tire & Rubber Co. bonds which we hold will be exchanged for prior preferred stock of even amount in the Steinbrenner Rubber Co. of Noblesville, Indiana. Since the above plans contemplate the Huntington County State Bank, of Huntington, Indiana, holding in this assets (after the removal of the $98,805.65 cash item mentioned above) an amount of $122,855.56 of notes and bonds secured by the Steinbrenner Rubber Co. and endorsed by H. G. Steinbrenner, and since this is an amount which is in excess of the rules the department of banking has adopted as conservative banking; we hereby bind ourselves jointly and severally that the above plan will be carried out in detail; that the amount of $80,000 in preferred stock which we are to receive for the $80,000 of Burdick Tire & Rubber Co. bonds will be reduced at least fifty per cent (50%) by January 1, 1926; that no further extension will be permitted on the Steinbrenner Rubber Co. notes *without the consent of the bank commissioners:* that no overdrafts or other irregular bank-

ing service will be extended to the Steinbrenner Rubber Company. Further,—we bind ourselves in the penal sum of $150,000 that no depositors of this bank shall suffer loss by reason of the fact that we hold the before-mentioned $122,855.56 obligations of the Steinbrenner Rubber Company or of H. G. Steinbrenner personally. Signed this 19th day of April, 1925."

It was further found that, during the months of November and December, 1925, and January, 1926, the state bank commissioner and his deputies made frequent visits to the Huntington County State Bank, and examined the condition thereof, and found that the conditions set out in said agreement of April 10, 1925 had not been complied with, and that, on February 11, 1926, the following instrument was executed, viz.:

"Know all men by the presents, Edwin B. Ayres, president of bank, W. W. Hawley, vice-president of bank, E. P. Ayres, cashier, Paul C. Martin, assistant cashier, W. J. Schacht, president of Schacht Rubber Mfg. Co., Huntington, Indiana, Jacob Boos, director of bank, retired, L. A. Smith, director of bank, retired, are firmly bound unto the *Bank Commissioner* of the State of Indiana, and unto the *Huntington County State Bank*, for the benefit of its depositors, creditors and stockholders in the penal sum of one hundred twenty-five thousand dollars ($125,000) for the payment of which, we bind ourselves, our heirs, executors, administrators and assigns. The consideration for the said undertaking is that the said obligors, being stockholders and having financial and other interest in the welfare of the said Huntington County State Bank, and whereas, on or about April 10th, 1925, the Bank Commissioner of the State of Indiana, demanded that certain papers, cash items and overdrafts connected with Steinbrenner Rubber Company, and other objectionable items, be removed from the assets of said bank, that certain officers and

directors of said bank entered into a written undertaking to remove said objectionable items from the assets of said bank, on or before the first day of January, 1926, and whereas, the conditions of said agreement have only been partly complied with, it becomes the duty of the State Bank Commissioner, to either levy an assessment on the capital stock, of said bank or have the items paid in cash, and the signatories hereto, not being able to raise the cash, and fearing that an assessment would not be to the best interest of the institution, therefore, in order to satisfy the said bank commissioner as to the solvency of the capital stock of said bank, and, in consideration that he does not levy said assessment at this time, and for other valuable consideration, the signators hereto have entered into and given this undertaking as additional security to the depositors and creditors of said bank. The condition of this undertaking is that, within one year hereof, the said capital stock shall be restored to the said bank in such manner that the said bank commissioner shall express his satisfaction that the capital thereof is unimpaired, then this undertaking shall be null and void, otherwise in full force and effect. This bond shall be returned to the said obligors by the said bank commissioner on proof that said duty has been performed."

It was also found that during the year 1925, and up until April 6, 1926, the date of his death, Wesley W. Hawley, was a director of said bank and attended some of the meetings of the board of directors of said bank, which meetings were held monthly.

The court further found that, in December, 1925, nine checks aggregating $135,000 were drawn by the Steinbrenner Rubber Company on the First National Bank of Noblesville, Indiana, payable to the Huntington County State Bank, and sent to said bank, by said rubber company, and that said company was, by said bank, given credit for the amount of said checks,

the first of which was drawn under date of December 24, and the last under the date of December 28, 1925, each and all of said checks upon presentment were dishonored and not paid for lack of funds. It was also found that said rubber company, upon being given credit for the amount of said checks by the Huntington County State Bank, at once drew its checks against said credit, and thereon withdrew from Huntington County State Bank the sum of $135,000. This condition coming to the attention of the State Bank Commissioner, he at once "ordered" the president of said bank, Edwin B. Ayres, to make good said overdraft by placing said sum of money in said bank. Therefore, in January, 1926, Edwin B. Ayres, president of said bank, Wesley W. Hawley, vice-president, and a director, and Jacob Boos, also a director of said bank, went to the First National Bank of Fort Wayne, Indiana, and severally borrowed from said bank the sum of $45,000 giving their notes, severally, for that amount, and signed by all three parties. The sum there borrowed by the three—$135,000—was placed to the credit, in said Fort Wayne bank, of the Huntington County State Bank, January 23, 1926. This money was withdrawn and placed to the credit of Edwin B. Ayres in the Huntington County State Bank, and was then transferred by said Ayres from his personal account to the credit of the Huntington County State Bank, to take up the overdraft of Steinbrenner Rubber Company, above mentioned. When this overdraft was taken up, the Huntington County State Bank transferred and turned over to Edwin B. Ayres, Wesley W. Hawley and Jacob Boos the said checks of Steinbrenner Rubber Company, in the sum of $135,000, and, at said time, Ayres, Hawley, nor Boos took any note or other writing evidencing any indebtedness of said bank to them or any of them.

It was further found that said Hawley died April 5,

1926, and that the administrator of his estate filed with the receiver of the Steinbrenner Rubber Company, as a claim against said company, the above-mentioned checks of the Steinbrenner Rubber Company, so turned over to Hawley, in the sum of $45,000.

It was also found that, about January 2, 1926, checks of the Steinbrenner Rubber Company drawn upon the First National Bank of Noblesville, Indiana, and payable to the Huntington County State Bank, to the amount of $315,000, were returned to Huntington County State Bank, unpaid for want of funds, and that thereafter until January 26, 1925, $135,000 of said sum was carried upon the books of said bank as a cash item. It was also found that, during the months of October, November and December 1926, said rubber company drew checks on the Noblesville bank, in favor of the said Huntington bank in the sum of $4,098,263.16, and, during the same period, it drew checks against the Huntington bank, and in favor of said Noblesville bank to the amount of $3,926,622.51 and that said rubber company was "kiting" checks, which fact was known to said Hawley.

There is a further finding that Wesley W. Hawley, during the year 1925, and until his death, had knowledge of the financial condition of the Huntington County State Bank; knew that the said rubber company was "kiting" checks and that its checks were being returned to said bank, unpaid for want of funds, and knew said checks aggregating $135,000 were returned not paid, and that the same constituted an overdraft in said amount.

It was also found that said Huntington County State Bank became insolvent and was closed in May, 1926, and went into liquidation, and that the financial condition of said bank was brought about by the carelessness of its officers and directors, including Wesley W.

Hawley. Many other facts are found, not necessary to be herein set out.

In *Coddington* v. *Canaday* (1901), 157 Ind. 243, 61 N. E. 257, in speaking of the duties and responsibilities of the directors of a bank, it was said: "The powers and duties of the appellants, as directors of the Citizens Bank, were *thus* clearly defined by statute. These obligations were voluntarily assumed, and the appellants were bound to perform them. . . . The supervision of the directors over the business of the bank should have been such as would have enabled them at all times to know its general financial condition, and to check or prevent imprudent or dishonest conduct by the president or cashier. They had the means of knowing, and they were bound to know, the amount and value of the paper and securities held by the bank."

The facts found, as above set forth, impel the conclusion that the deceased, Wesley W. Hawley, fully realized his obligation to said bank, as a director thereof; that he knew and fully realized his responsibility to said bank and to the stockholders thereof consequent upon his failure to perform his official duties, and thereby to safeguard the funds of said bank, and that, impelled by this knowledge, he procured said money from said Fort Wayne bank and placed the same in the said Huntington County State Bank, taking up $45,000 of the paper of the Steinbrenner Rubber Company, which was there in the same bank, dishonored; that he did this, not as a *loan*, or as an *advancement*, to said bank, but in partial discharge of his then existing legal liability to said bank. We, therefore, conclude that the court did not err in its conclusion of law.

Other alleged errors are presented, but, in view of the fact that the trial court found the facts herein specially, and stated conclusions of law thereon, such other alleged errors, relating to rulings on pleadings, need not be

separately considered, as they are of no controlling influence.

Affirmed.

Neal, C. J., not participating.